**CV 09 0391**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
MOSHE KLEIN on behalf of himself and all others similarly situated

                Plaintiff,

    -against-

GC SERVICES LIMITED PARTNERSHIP

                Defendant.
---------------------------------------------------------

FILED
U.S. DISTRICT COURT E.D N.Y
★ JAN 29 2009 ★
LONG ISLAND OFFICE

**COGAN, J.**

**GOLD, M.**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of GC Services Limited Partnership concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides in Kings County, New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to GMAC.

4. Upon information and belief, GC Services Limited Partnership is a foreign corporation.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Moshe Klein*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about August 11, 2008 defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part as follows: "We are attempting to resolve this account amicably. We have an obligation to our clients to pursue their accounts just as vigorously as we would pursue our own."

12. Said letter strongly threatens the plaintiff with further vigorous collection action.

13. The defendant threatened the plaintiff that the matter would be pursued in a non amicable fashion.

14. The defendant did not pursue the debt in the fashion in which it threatened the plaintiff.

15. The defendant sent the plaintiff an additional letter dated September 2, 2008.

16. Said letter is a very tame letter without any threats.

2

17. Said letter does not pursue collection vigorously.

18. Said letter even indicates to the consumer that the defendant does not report debts to credit bureaus.

19. Said letter offers the plaintiff a settlement.

20. Said letter states: "We are being as flexible as possible with you so call us today and let us help you resolve this overdue account."

21. Said letters have been established as part of a letter series.

22. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) and 1692e(10) for engaging in false threats and deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

23. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-22 as if set forth fully in this Cause of Action.

24. This count is brought on behalf of plaintiff and the members of a class.

25. The Class consists of consumers who received the same form letter, as did the plaintiff.

26. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about August 11, 2008 (b) the collection letter was sent to a consumer seeking payment of a personal debt owed to GMAC; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

28.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the

absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31. The defendant's actions violate the Fair Debt Collection Practices Act.

32. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 27, 2009

5

*[signature]*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein  (AF-9508)